**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 3 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHRISTOPHER E. LONGSTRETH,

    Plaintiff - Appellant,

v.

RON WARD, Director of the
Oklahoma Department of Corrections,

    Defendant - Appellee.

No. 04-6160
(D.C. No. CV-03-1074-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

---

Before the Court is an interlocutory appeal from the district court's denial
of application for a temporary restraining order and preliminary injunction.
Appellant, appearing pro se, alleges Appellee has unreasonably restricted his
access to the prison's law library and impaired his ability to pursue legal claims.

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant further alleges that Appellee's actions were a retaliatory response to Appellant's pursuit of his legal claims. The Court has carefully considered the record in this case, all the pleadings filed in our court, and the district court's order below.

The Constitution affords inmates a right of access to the courts, along with which comes a duty to provide prisoners with adequate access to law libraries. Bounds v. Smith, 430 U.S. 817, 828 (1977). However, this right is not absolute. See Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996) (noting that the Constitution does not require states to give inmates unlimited access to a law library). As a result, it is incumbent upon the plaintiff to demonstrate

> that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.

Lewis v. Casey, 518 U.S. 343, 351 (1996). In the instant case, Appellant has simply failed to demonstrate how Appellee's alleged actions have hindered his efforts to pursue an actual legal claim; thus he cannot establish a violation of his right to access the courts under Bounds. Furthermore, because he cannot prove impermissible restrictions on his library access, Appellant's claim of retaliation must also fail.

Therefore, we **AFFIRM** the denial of application for a temporary restraining order and preliminary injunction on substantially the grounds stated below.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge